# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DESTINED GEORGE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00517 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **COUNSELOR R. CLEVINGER, ET AL,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Destined George, Pro Se Plaintiff; Laura E. Maughan, Assistant Attorney General,* CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendants.*

The plaintiff, Destined George, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, complaining that the defendants failed to take his photograph or process his grievances. After review of the record, I conclude that the defendants' Motion to Dismiss must be granted.

## I. BACKGROUND.

The claims in this action arose at Red Onion State Prison (Red Onion), where George is currently confined. George alleges that on May 4, 2021, he asked counselor R. Clevinger "why he was refusing only [George his] photo privileges." Compl. 1, ECF No. 1. Clevinger allegedly responded, "You want to play games? Then let[']s play." *Id.* George interpreted these words as referring to the fact that

George had previously subpoenaed Clevinger to court. After the photo incident, George filed an Informal Complaint about Clevinger's actions. On May 7, 2021, Clevinger allegedly came "to inform [George] of his retaliation, stat[ing], 'I'm not pulling you out to take a picture because you f**king wrote me up!, I've got the pap[]erwork.'" *Id.* George filed another Informal Complaint, but it was returned unprocessed, and his requests for Regular Grievance forms were unsuccessful, even after he sent a request directly to the Grievance Department.

Based on this sequence of events, George filed a § 1983 lawsuit against Clevinger and T. Trapp, seeking compensatory and punitive damages. The defendants have filed a Motion to Dismiss, and George has responded. The matter is ripe for determination.

## II. DISCUSSION.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

George's Complaint alleges that Clevinger refused him the opportunity to have his photograph taken on two occasions. In George's response to the defendants' motion, he complains that they "failed to state the entire statement [he] stated to Clevinger" about "the denial of [his] *purchase* of [his] self-portrait, but allowed every other inmate this pre-paid service." Resp. Opp'n 1, ECF No. 24 (emphasis added). The defendants' memorandum in support of their motion to dismiss indicates that inmates may be eligible at times to be photographed so they may send photos to family and friends. (ECF No. 15). George characterizes the counselor's refusal to photograph him as retaliation. I liberally construe George's allegations as asserting a retaliation claim under the First Amendment and an equal protection claim under the Fourteenth Amendment.[1] His factual allegations do not support either claim.

As stated, a viable § 1983 claim must identify a right protected by the Constitution or federal laws. To succeed on his retaliation claim, George must

---

[1] George's Complaint includes a list of several Constitutional provisions without any facts showing that the defendants' actions violated such provisions. Neither the defendants nor the court is obligated to construct claims under these provisions on George's behalf, despite his pro se status. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985) (finding district courts not "to conjure up and decide issues never fairly presented to them").

establish that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (citing *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)) (alterations omitted). "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation marks and citations omitted). He must show that the adverse action caused "something more than a 'de minimis inconvenience' to h[is] exercise of First Amendment rights." *Id.* (citation omitted).

George's retaliation claim clearly fails on the second prong of this constitutional standard. He vaguely alleges that he had previously subpoenaed Clevinger to court, and he mentions a later administrative remedy he filed about Clevinger. Conceivably, these events might qualify as exercises of the First Amendment right to petition for redress of grievances. However, George's Complaint does not state any facts showing how Clevinger's failure to photograph him was an adverse action that would likely deter him, or anyone under similar circumstances, from future exercise of his First Amendment rights. Therefore, I find

George's photography claim to be factually and legally frivolous. I will grant the Motion to Dismiss as to this claim.

In George's second claim, he complains that his administrative remedies concerning the photography incident were not processed. The Complaint does not describe any action that defendant Trapp took in violation of George's rights, which is fatal to George's claims against this defendant. In a § 1983 case, "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (citation omitted). George also does not allege that Clevinger had any involvement in the grievance proceedings.

In any event, alleged mishandling of submissions during the grievance proceedings simply do not implicate any constitutionally protected right. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017).

Moreover, an official's alleged violation of state policies or grievance procedures does not give rise to any constitutional violation actionable under § 1983. *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990).

For the reasons stated, I will grant the defendants' Motion to Dismiss.

### III. CONCLUSION.

According to the foregoing, it is hereby **ORDERED** that the defendants' Motion to Dismiss, ECF No. 14, is GRANTED.

A separate Judgment will enter for the defendants.

ENTER: November 23, 2022

/s/ JAMES P. JONES
Senior United States District Judge