IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DESTINED GEORGE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**COUNSELOR R. CLEVINGER, ET AL.,** )<br>)<br>Defendants. )<br>) | Case No. 7:21CV00517<br><br>**OPINION AND ORDER**<br><br>JUDGE JAMES P. JONES |

*Destined George, Pro Se Plaintiff.*

This closed civil action is before me on a motion seeking to alter or amend the judgment. The plaintiff, Destined George, a Virginia inmate proceeding pro se, contends that in granting the defendants' Motion to Dismiss as to his claims under 42 U.S.C. § 1983, I recognized that he had other possible constitutional claims, but did not address them or permit him an opportunity to file an amended Complaint. This characterization of my rulings is not accurate, and George's motion is untimely filed. Moreover, after review of the record, I find no likelihood that George could amend his Complaint to state any viable constitutional claims arising from the events of which he complains.

George's claims addressed in my November 23, 2022, Opinion and Order were based on defendant Clevinger's alleged refusal to allow George his

photography privileges on May 4, 2021, and his alleged mishandling of administrative remedies after that incident. I construed George's complaint against Clevinger as attempting a First Amendment retaliation claim and an equal protection claim, and I expressly dismissed the photography claim as factually and legally frivolous. *George v. Clevinger*, No. 7:21CV00517, 2022 WL 17182073, at *2 (W.D. Va. Nov. 23, 2022). Furthermore, I found that the claims concerning grievance proceedings simply did not implicate constitutional rights. Finally, I noted that George failed to provide factual details supporting any other constitutional claim arising from the incident, despite his recitation of other constitutional provisions. *Id.* at *1 n.1.

To the extent that George sought to state an equal protection claim, I conclude that he failed to do so. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "does not take from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).\*

> To succeed on an equal protection claim, [plaintiff] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of

---

\* I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion and Order, unless otherwise noted.

> intentional or purposeful discrimination. If he makes this showing, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

*Id.* at 730–31.

George's equal protection claim fails for two reasons. First, he has not demonstrated that any other inmates were similarly situated to him in all relevant respects, as to the photography event. More importantly, George does not state facts suggesting that the alleged different treatment arose from any purposeful discrimination such as racial prejudice on Clevinger's part. *See, e.g., City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985) (finding that "when a statute classifies by race, alienage, or national origin," purposeful discrimination element is met). George alleges that the difference in treatment in this case arose from a retaliatory motive, a claim that I dismissed as frivolous.

I have already addressed and rejected George's First Amendment retaliation claim, found his equal protection claim to be meritless, and I cannot conceive of any actionable constitutional claim that he could present arising from the events alleged. George had an opportunity to file an amended Complaint in response to the defendants' Motion to Dismiss. He chose not to do so. I find no basis on which to allow him to amend this closed case.

Finally, as stated, George did not timely file his motion seeking alteration of the judgment. A Motion to Alter or Amend Judgment under Rule 59(e) of the

Federal Rules of Civil Procedure must be filed within 28 days after the entry of that judgment. I entered the dismissal judgment on November 23, 2022. George did not sign and date his motion until December 22, 2022, 29 days after the judgment was entered.

For the reasons stated, it is **ORDERED** that the Motion to Alter Judgment, ECF No. 27, is DENIED.

ENTER: January 26, 2023

/s/ JAMES P. JONES
Senior United States District Judge