# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE  DIVISION

| | | |
|---|---|---|
| **DESTINED GEORGE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00517 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **COUNSELOR R. CLEVINGER, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Destined George, Pro Se Plaintff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this prisoner civil rights action under 42 U.S.C. § 1983.  I entered an Opinion and Order granting the defendants' Motion to Dismiss on November 23, 2022.  Thereafter, George filed a motion seeking reconsideration of the dismissal and an opportunity to amend his Complaint.  I denied that motion on January 26, 2023.  On March 1, 2023, the court received George's present motion seeking additional time to file a Notice of Appeal.  After review of the record, I conclude that his motion should be granted.

Rule 4(a) of the Federal Rules of Appellate Procedure provides that a Notice of Appeal must be filed within thirty days after entry of the judgment being appealed.  Under Rule 4(a)(4)(A), when a party files a post-judgment motion, the time for filing the Notice of Appeal will run from the entry of the order disposing of that motion.  But this rule makes exceptions for certain post-judgment motions that were not timely filed.

Specifically, the extended appeal time does not apply to motions under Rules 59 or 60 that were not filed within 28 days after the challenged judgment. Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. App. P. 59.

George did not file his post-judgment motion within 28 days after the Judgment here. The Judgment was entered on November 23, 2022. George did not sign and date his post-judgment motion until December 22, 2022. An inmate's § 1983 action is considered filed when he delivers his pleading to prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991). For purposes of this Opinion and Order, I will presume without finding that George delivered his post-judgment motion for mailing on the day that he signed it and treat December 22, 2022, as the date of filing. Even so, that filing date is more than 28 days after the Judgment. Thus, I cannot find that George timely filed his motion to qualify for the additional appeal time authorized under Rule 4(a)(4)(A).

George has now filed a motion seeking an extension of the appeal time, ECF No. 29, signed and dated on February 25, 2023. George states that although I entered the Order denying his post-judgment motion on January 26, 2023, George did not receive it at his place of incarceration until February 21, 2023, more than 21 days after it was entered. Rule 4(a)(6) allows me to reopen George's time to appeal if certain conditions are met, namely that he did not receive notice of the Order within 21 days after its entry and that he files the motion within 180 days of entry of that Order or within 14 days after receiving notice of its entry; and no party would be prejudiced. I conclude that George's situation satisfies these requirements.

For the reasons stated, it is **ORDERED** as follows:

1.  The plaintiff's motion, ECF No. 29, is CONSTRUED as seeking to reopen the time to appeal, pursuant to Rule 4(a)(6);

2.  The motion, as construed, is GRANTED as to the Order denying his post-judgment motion; and

3.  The plaintiff is GRANTED 14 days from the entry of this Order to file a Notice of Appeal.  No further extensions of time will be granted.

ENTER:  May 25, 2023

/s/  JAMES P. JONES
Senior United States District Judge